

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. Y. Cunningham
County Auditor
Navarro County
Corsicana, Texas

Dear Sir:

Opinion No. C-4367
Re: Commissioners' Court is without
authority to authorize refunds
of bond premiums to certain offi-
cials for period of time from
January 1, 1941, to effective
date of amendatory act to Arti-
cle 3899, Vernon's Annotated
Civil Statutes.

Your request for an opinion of this department reads:

"In 1939, your office rendered opinion
No. 0-205 to F. L. Bessie, County Auditor,
Wilbarger County; and opinion No. 0-252 to
C. J. Wilde, County Auditor, Nueces County, to
the effect that Counties should not pay the
bond premiums for County Commissioners, County
Auditors, County Treasurers, and County Super-
intendents; holding that such officials were
NOT fee officers as named in Art. 3883-3991.

"In accordance with the above opinion,
this office took the stand that the county
should not pay the bonds of the above named
officials, and for the year 1941, they were
required to pay their own bonds. However, dur-
ing last fall some new legislation was passed
whereby counties were authorized to refund bond
premiums to such officials for the remainder of
the year, after said law went into effect.
This, we did.

"Our County Treasurer, who came into office
January 1, 1941, was accorded the same treatment

as the other above named officials, and he was refunded that portion of his bond covering October, November and December, 1941. Now, however, he has requested that the County refund the full amount of his bond for the year 1941, or rather, for the months not already refunded.

"We fail to see how we can do this legally, and would appreciate an opinion from your office on this matter, so we shall know what to do."

Article 3899, Vernon's Annotated Civil Statutes, was amended by House Bill 524, Acts of the 47th Legislature. The purpose of the amendment was to provide for the payment of bond premiums for certain county officials who had theretofore been required to pay their own premiums. Such purpose is expressed in the caption thereof as follows:

"AN ACT amending Article 3899, Revised Civil Statutes of Texas, 1925 . . . to provide that premium on official bonds for county treasurers . . . and their deputies, shall be paid from county funds . . ."

Such amendment went into effect ninety days after July 3, 1941. You cite such amendment as authority for the counties "to refund bond premiums to such officials for the remainder of the year, after said law went into effect" and state that you have made such refunds, for that period of time dating from the effective date of the act through December 31, 1941. You now ask if the county has authority to refund the bond premiums to the various officials for that period of time from January 1, 1941, to the effective date of the amendatory act.

Paragraph (b) of Section 2 of the amendatory act provides:

"Each officer named in this act . . . and including the cost of surety bonds for his deputies, provided that expenses incurred for premiums on officials' bonds for the county treasurer, county auditor, county road commissioners, county school superintendent, and the

744

> hide and animal inspector, including the cost
> of surety bonds for any deputies of any such
> officers, may be also included, and such ex-
> penses to be passed on, predetermined and al-
> lowed in the time and amount, as nearly as
> possible, by the Commissioners Court once
> each month, for the ensuing month, . . ."

A careful consideration of the act as a whole clearly indicates a total lack of authority on the part of the county to make a refund to the county treasurer, or to any other officer named therein, for that portion of his bond premiums covering the period of time from January 1, 1941, to the effective date of the act.

Since such question is not before us, it is to be expressly understood that we are not passing upon the authority of the Commissioners' Court to authorize a refund to the enumerated officials of that portion of their bond premiums covering the period of time from the effective date of the act through December 31, 1941.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong

Lloyd Armstrong
Assistant

APPROVED FEB 11, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

LA:GO

